UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

MAY 1 2023

NATHAN OCHSNER
CLERK OF COURT

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| vs. | § | CRIMINAL NO. B-21-540 |
| JESUS ALFONSO LEOS-OROZCO | § | |

## PLEA AGREEMENT

COMES NOW the United States of America, by and through its attorneys, ALAMDAR S. HAMDANI, United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorney, and the defendant, **Jesus Alfonso Leos-Orozco**, and the defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. The defendant agrees to plead guilty to Count One of the Indictment. Count One of the indictment charges the defendant with Conspiracy to Possess with Intent to Distribute a Quantity of 5 Kilograms or more of Cocaine, in violation of Title 21, United States Code, §846, 841(a)(1) and 841(b)(1)(A). The defendant, by entering this plea agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

2. In exchange for the Defendant's plea of guilty and truthful testimony to the Court at the time of the Defendant's rearraignment and sentencing and for the Defendant's truthful rendition of facts to the U.S. Probation Department for the preparation of the Defendant's Pre-sentence Investigation Report, the United States will recommend credit

*Revised May 2019*

<u>for Acceptance of Responsibility (only if the defendant qualifies for an adjustment under section 3E1.1), sentencing at the low end of the advisory guideline level the defendant scores and will move to dismiss the remaining count at the time of sentencing</u>.

3. The penalty for each violation of Title 21, United States Code, Section <u>846, 841(a)(1) and 841(b)(1)(A)</u>, includes a maximum term of life imprisonment and a minimum term of <u>10</u> years imprisonment; a fine not to exceed $10,000,000; and a period of supervised release of at least <u>5</u> years <u>up to life</u>. The defendant also acknowledges and understands that if (s)he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then the Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. The defendant is not eligible for parole for any sentence imposed.

4. The defendant will pay to the United States District Clerk a special assessment in the amount of one-hundred dollars ($100.00) per count of conviction, as required in Title 18, United States Code, Section 3013(a)(2)(A). The payment will be by certified check payable to United States District Clerk, Brownsville, Texas 78520.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised

Defendant of the potential immigration consequences resulting from Defendant's plea of guilty and Defendant affirms that he/she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

6. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

7. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

8. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

9. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

10. Defendant stipulates and admits that if one or more of the conditions set forth in Title 21, United States Code, section 853(p) exists, Defendant agrees to forfeit any of his property, or his interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

11. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

12. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

13. Subject to the provisions of paragraphs 17 and 18 below, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

14. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraphs 17 and 18 below, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

15. The parties understand this agreement carries the potential for a motion for

departure under Section 5K1.1 of the Sentence Guidelines. The defendant understands and agrees that whether such a motion is filed, will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance", the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statement. The defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in this agreement. The defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

16. The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to the specific facts of the present offense. The defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

    (a)    Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

    (b)    Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his/her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

    (c)    Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

    (d)    Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the

defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation.

(f) Should the recommended departure, if any, not meet the defendant's expectations, the defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

17. Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed. The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision. Nothing in the foregoing waiver of appellate and collateral review of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

18. In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c)

Defendant's plea is later withdrawn.

19. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

20. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in paragraph 2 of this plea agreement. Furthermore, as to "Acceptance of Responsibility" points, if the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the sentencing guidelines, and the offense level is 16 or greater, the United States will move for an additional one-level reduction under section 3E1.1(b).

21. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

22. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

23. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would

have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to present witnesses and other evidence on his/her own behalf. If the witnesses for defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court.

(c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he/she could testify on his/her own behalf.

24. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

25. This written plea agreement, consisting of eleven pages, including the attached certifications of defendant and his/her attorney, constitutes the complete plea agreement between the United States, defendant and his/her counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against

him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

26. Any modification of this plea agreement must be in writing and signed by all parties.

_____
Defendant

APPROVED:

_____
Assistant U.S. Attorney

_____
Attorney for Defendant

## CERTIFICATION BY THE DEFENDANT

I have consulted with my counsel and fully understand all my rights with respect to the charge(s) pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

_____        __3/31/23__
Defendant                                Date

## CERTIFICATION BY ATTORNEY

I have fully explained to the defendant, his rights with respect to the pending indictment/information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____        __3/31/23__
Counsel for Defendant                    Date

PLEA PACKET MEMO

ASSIGNED AUSA:   Paul Marian

DEFENDANT:   **JESUS ALFONSO LEOS-OROZCO**

CASE #:   B-21-540

Recommendation in exchange for Defendant's Plea to **Count 1 and WAIVER OF APPEAL RIGHTS** as outlined in the plea agreement: **credit for Acceptance of Responsibility (only if the defendant qualifies for an adjustment under section 3E1.1) sentencing at the low end of the advisory guideline level the defendant scores and dismissal of the remaining count at the time of sentencing.**

## FACT SUMMARY SHEET

Between 2019 and 2021, through a joint Homeland Security Investigations and Drug Enforcement Administration investigation, several individuals were arrested wherein multi-kilogram amounts of cocaine were seized, along with bulk U.S. currency resulting from illegal proceeds, destined to be smuggled into Mexico.

On July 15, 2019, the Cameron County Sheriff's Office conducted a traffic stop one a vehicle driven by _REDACTED 1_ for a traffic violation. After obtaining verbal and written consent to search the vehicle, agents found 10 bundles of cocaine, wrapped in clear plastic material. A search of _REDACTED 1's_ phone revealed photographs taken with the cell phone of tractor trailers bearing Mexican license plates, a tractor which was later identified as belonging to Transportes Gaga. Other pictures displaying partial license plates were later identified as belonging to the truck of _REDACTED 2_ from which approximately 39 kilograms of cocaine were seized on August 28, 2019.

On August 24, 2019, Agents conducted surveillance of 15719 E. Davis, Edinburg, Texas, where they observed a green Honda vehicle operated by _REDACTED 3_. During a post Miranda interview _REDACTED 3_ admitted to receiving and recently transporting 35 kilograms of cocaine, separated in individually wrapped packages to a ranch, later corroborated as being 15719 E. Davis, Edinburg, Texas. _REDACTED 3_ stated he had picked up the narcotics in the same green Honda vehicle at a Love's Gas Station in Donna, Texas, earlier that day. Agents conducted a follow up investigation at the Lowe's Gas Station and retrieved surveillance video of the encounter showing subjects later identified as _REDACTED 4_ and **Jesus Alfonso Leos-Orozco**.

On August 28, 2019, _REDACTED 2_ was driving a tractor trailer bearing Mexican commercial license plates when he presented himself for inspection at the Los Indios port of entry via the commercial cargo lane. During an inspection, agents recovered approximately 39.10 kilograms of cocaine concealed in an aftermarket compartment. _REDACTED 2_ admitted to being involved in the receiving, transporting and smuggling of kilograms amounts of cocaine. He added that his involvement in the drug smuggling coincided with his employment as a truck driver and recalled approximately 13 separate

successful drug smuggling event within the 3 months prior to his arrest, with the most recent occurring in August 2019, which was later corroborated by a border crossing query. REDACTED 2 identified REDACTED 1 as being employed by Transportes Gaga and tasked with receiving the cocaine smuggled into the U.S. for subsequent distribution and **Jesus Alfonso Leos-Orozco**, as being involved in the receiving of and transportation of bulk U.S. currency via the use of commercial semi-trucks.

On February 17, 2021, REDACTED 4 was arrested after the seizure of 25.86 kilograms of cocaine. REDACTED 4 had been identified as the second subject in the video surveillance alongside **Leos-Orozco** in the August 24, 2019 event.

During the investigation into the narcotics and bulk cash smuggling operations, agents were able to identify **Leos-Orozco** as one of the persons involved in drug smuggling. The defendant **Leos-Orozco** admits he knowingly and intentionally agreed, combined, conspired and confederated with co-conspirators to possess with intent to distribute to others five kilograms or more of cocaine within the Southern District of Texas.

I agree the above factual summary accurately represents my involvement in the crime to which I am pleading guilty and that the abbreviated proposed plea agreement accurately describes my plea agreement with the government. A complete written plea agreement may be attached.

_____  _____
Counsel for Defendant                              Defendant

_____
Assistant United States Attorney

2